**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID KIRCHER,

                Plaintiff(s),           CASE NUMBER: 07-13091
                                                   HONORABLE VICTORIA A. ROBERTS

v.

CHARTER TOWNSHIP OF YPSILANTI;
RUTH A. JAMNICK, Supervisor of Charter
Township of Ypsilanti; RONALD FULTON,
Building Inspector of Charter Township of
Ypsilanti; and BARNES & BARNES PROPERTIES,
a Michigan LLC, as Receiver,

                Defendant(s).
_____/

**ORDER**

**I.    INTRODUCTION**

This matter is before the Court on Defendants' "Motion for Rule 11 Sanctions" (Doc. #12). Defendants Ypsilanti Township, Ruth A. Jamnick, and Ronald Fulton (collectively "Defendants") request sanctions against Plaintiff David Kircher ("Plaintiff") for violating Fed. R. Civ. P. 11(b)(1) and Fed. R. Civ. P. 11(b)(2). Defendants also request that the Court sanction attorney George E. Ward for acting as a "ghostwriter." Specifically, Defendants request that the Court:

> (1) Award against Plaintiff and Mr. Ward[] actual attorney fees and costs incurred by Defendants for answering the complaint, for preparing the motion and brief to dismiss or stay the case and for preparing the motion and brief for Rule 11 sanctions;
> (2) Order Plaintiff not to file any pleadings, motions or other papers in this court that are copies or substantially similar to filings in the present state cases;
> (3) Order George Ward to cease providing Plaintiff any assistance with the

1

> pending federal case without filing an appearance and signing documents in which he assisted Plaintiff in any manner in preparing;
> (4) Order that if such actions continue, further sanctions including dismissal of the present case with prejudice, may occur.

Alternatively, Defendants request that the Court issue an Order to Show Cause so that Plaintiff may be questioned about his motivation for filing the *pro se* Complaint and attorney Ward's assistance in drafting the Complaint.

Also before the Court is Plaintiff's "Counter-Motion for Sanctions against Defendants" (Doc. #17). Plaintiff requests that the Court issue sanctions against Defendants for filing a frivolous and baseless motion.

For the following reasons, Defendants' motion is **GRANTED IN PART**. Plaintiff's motion is **DENIED**.

## II. BACKGROUND

Plaintiff is the owner of Eastern Highlands, a 128 residential unit apartment complex in Ypsilanti, Michigan that became the subject of state-court nuisance abatement litigation. On October 24, 2006, Plaintiff filed a Complaint in this Court, alleging an unconstitutional "taking" of private property without just compensation. Plaintiff was represented by George E. Ward. On June 27, 2007, the Court issued an Amended Order dismissing Plaintiff's Complaint without prejudice. The Court abstained from hearing the matter because Plaintiff could raise his constitutional challenge in the ongoing state proceeding. Citing *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 195 (1985), the Court also stated that Plaintiff's allegation of an unconstitutional "taking" without just compensation was not ripe for federal review, since Plaintiff had not been denied compensation. The Court

2

denied Plaintiff's Motion for Reconsideration.

On July 16, 2007, Plaintiff filed a Complaint in the Washtenaw County Circuit Court for inverse condemnation, due process violations, and trespass. Plaintiff was represented by George E. Ward. Subsequently, Plaintiff filed another Complaint in this Court, alleging an unconstitutional "taking" of private property without just compensation. Plaintiff was not represented by counsel.

On August 13, 2007, Defendants' counsel sent a "safe harbor" letter to George E. Ward. The letter informed attorney Ward of the Defendants' intention to pursue sanctions under Fed. R. Civ. P. 11(b) and requested that he "cause" Plaintiff to voluntarily dismiss the case. Defendants' counsel attached a Voluntary Order of Dismissal. Attorney Ward responded on August 17, 2007. He outlined the motivation behind Plaintiff's *pro se* filing of his Complaint and stated that Defendants' Fed. R. Civ. P. 11(b) claim was baseless.

On September 20, 2007, Defendants' counsel sent Plaintiff a letter informing him of the Defendants' intention to pursue sanctions for violating Fed. R. Civ. P. 11(b). He attached a draft of a "Motion for Rule 11 Sanctions" and requested that Plaintiff voluntarily dismiss the case. Plaintiff did not respond.

### III. APPLICABLE LAW AND ANALYSIS

**A. Sanctions under Fed. R. Civ. P. 11(b)(1) and Fed. R. Civ. P. 11(b)(2)**

Fed. R. Civ. P. 11(b) states:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable

> under the circumstances,--
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; [and]
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]

"If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may[] . . . impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation."  Fed. R. Civ. P. 11(c).

Defendants argue that Plaintiff violated Fed. R. Civ. P. 11(b)(1) by filing his *pro se* Complaint simply to "harass or to cause . . . needless increase in the cost of litigation."  Defendants contend that the Court's Amended Order dismissing Plaintiff's original Complaint informed him that the proper avenue for his constitutional claim was in state court.  Notwithstanding, he filed another Complaint in this Court, alleging the same constitutional violation.  According to Defendants, this was improper and requires sanctions.

Plaintiff argues that his Complaint was not filed for an "improper purpose."  He asserts that it was filed to sway the Court to stay his action instead of dismissing it -- as Judge Rosen did in *Kircher v. City of Ypsilanti*, 458 F.Supp.2d 439 (E.D. Mich. 2006).  Plaintiff believed that this case was in the same procedural posture as his case before Judge Rosen, and believed the Court would adopt Judge Rosen's reasoning.  Plaintiff also contends that the Court's Amended Order led him to believe that the Court would stay the action if he filed an inverse condemnation claim in state court before filing an

4

unconstitutional "takings" claim in federal court. In addition, Plaintiff emphasizes that the Court dismissed his original Complaint *without prejudice*.

For purposes of Fed. R. Civ. P. 11(b)(1), "[t]he court [has] discretion to determine whether an 'improper purpose' exists." *Rasmussen v. Fleetwood Enterprises, Inc.*, 2007 WL 1106138, at *9 (E.D. Mich. April 10, 2007). In making this determination, the Court applies an objective standard of reasonableness. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991) ("Rule 11 . . . imposes an objective standard of reasonable inquiry which does not mandate a finding of bad faith") (citing *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 548-49 (1991)); *see also Union Planters Bank v. L&J Dev. Co., Inc.*, 115 F.3d 378, 384 (6th Cir. 1997) ("In [the Sixth Circuit], the test for the imposition of Rule 11 sanctions [is] . . . 'whether the individual's conduct was reasonable under the circumstances'") (quoting *Lemaster v. United States*, 891 F.2d 115, 118 (6th Cir. 1989)).

Plaintiff did not file his Complaint simply to "harass" the Defendants or to "cause . . . needless increase in the cost of litigation." Instead, he filed it in an attempt to persuade the Court to retain jurisdiction. The Court could have stayed the action, but declined. *See Coles v. Granville*, 448 F.3d 853, 866 (6th Cir. 2006) ("A district court deciding to abstain under *Younger* has the option of either dismissing the case without prejudice or holding the case in abeyance") (citing *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998)); *see also* Order (Regarding Doc. #8). Hence, it was reasonable for Plaintiff to file his *pro se* Complaint, and the Court declines to issue sanctions under Fed. R. Civ. P. 11(b)(1).

Defendants also argue that Plaintiff's contention that the Court should hear his

case while it is pending in state court, is not warranted by existing law and sanctions should be imposed under Fed. R. Civ. P. 11(b)(2).  Defendants argue that Plaintiff was aware that the Court would not consider his claim while litigation was pending in state court and that under *Williamson*, the Court would not consider a state-law inverse condemnation claim simultaneously with a Fifth Amendment "takings" claim.

Under *Younger v. Harris*, 401 U.S. 37 (1970), a district court must abstain from hearing a matter that is pending in state court, involves an important state interest, and affords the plaintiff an adequate opportunity to raise constitutional claims.  *See Carroll*, 139 F.3d at 1074.  However, Plaintiff does not contend that the Court should hear his case while it is pending in state court.  Instead, he argues that the Court should retain jurisdiction in case the state court does not address and resolve his federal constitutional claim.  Accordingly, the Court declines to issue sanctions under Fed. R. Civ. P. 11(b)(2).

**B.  Sanctions against Attorney George E. Ward**

Defendants say the Court should issue sanctions against attorney George E. Ward because he has been acting as a "ghostwriter."  According to Defendants, attorney Ward provided Plaintiff with substantial assistance and advice in filing his *pro se* Complaint, but did not sign his name on the pleading or enter an appearance.  In support of their argument that sanctions are warranted, Defendants state that the *pro se* Complaint resembles the Complaint filed in the Washtenaw County Circuit Court and the original Complaint filed in this Court, which were both prepared and signed by attorney Ward.

Plaintiff contends that attorney Ward was not a "ghostwriter."  According to

6

Plaintiff, his Complaint was based on a sample he found in a book of forms and on a prior pleading in a different case. Plaintiff also contends that Fed. R. Civ. P. 11 does not allow sanctions against a non-signer or non-presenter.

"Ghostwriting of legal documents by attorneys on behalf of litigants who state that they are proceeding pro se has been held to be inconsistent with the intent of procedural, ethical and substantive rules of the Court." *Ostevoll v. Ostevoll*, 2000 WL 1611123, at *9 (S.D. Ohio Aug. 16, 2000) (citing *Laremont-Lopez v. Southeastern Tidewater Opportunity Ctr.*, 968 F.Supp. 1075, 1077 (E.D. Va. 1997)). It allows counsel to "escape the obligation imposed on members of the bar under Rule 11 of representing to the court that there is good ground to support the assertions made." *Ostevoll*, 2000 WL 1611123, at *9 (citing *Ellis v. State of Maine*, 448 F.2d 1325, 1328 (1st Cir. 1971)). It also unfairly skews the playing field because "[t]he *pro se* plaintiff enjoys the benefit of the legal counsel while also being subjected to the less stringent standard reserved for those proceeding without the benefit of counsel." *Laremont-Lopez v. Southeastern Tidewater Opportunity Ctr.*, 968 F.Supp. 1075, 1078 (E.D. Va. 1997); *see also Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) ("[w]e hold pleadings filed by a pro se litigant 'to less stringent standards than formal pleadings drafted by lawyers[.]'"). And, it is "antithetical to the public interest." *Delso v. Trustees*, 2007 WL 766349, at *16 (D.N.J. March 6, 2007).

Although "ghostwriting" may not *per se* violate Fed. R. Civ. P. 11, the Court considers it improper for lawyers to assist in drafting pleadings submitted by litigants designated as *pro se*. *See Laremont-Lopez,* 968 F.Supp. at 1077; *Delso*, 2007 WL 766349, at *16.

Attorney Ward represented Plaintiff when he filed his original Complaint here on October 24, 2006. He also represented Plaintiff when he filed his Complaint in Washtenaw County Circuit Court. However, attorney Ward did not enter an appearance or sign this Complaint. Although attorney Ward may not have drafted the Complaint, it is evident that he provided the Plaintiff with substantial assistance. All three Complaints are similar, and attorney Ward was able to provide Defendants' counsel with the reasoning that motivated Plaintiff to file the *pro se* Complaint. *See* Pl. Exh. A. This shows that he may have spoken with and assisted Plaintiff with his *pro se* pleading.

While the Court declines to issue sanctions or show cause attorney Ward, he is forewarned that the Court may do that in the future if he persists in helping Plaintiff file *pro se* pleadings and papers.

### C. Sanctions against Defendants

Plaintiff asks the Court to issue sanctions against Defendants for filing a frivolous and baseless motion.

A motion is frivolous and a violation of the Federal Rules of Civil Procedure when it is factually and legally unsupported. *See Transou v. Elec. Data Sys.*, 767 F.Supp. 1392, 1402 (E.D. Mich. 1991). The Court finds that Defendants' motion is not frivolous. Although the Court disagreed with Defendants' position that sanctions are warranted under Fed. R. Civ. P. 11(b), Defendants cited adequate legal and factual support for their arguments.

## IV. CONCLUSION

Defendants' motion is **GRANTED IN PART**. The Court orders Plaintiff to cease accepting Mr. Ward's assistance, and orders George E. Ward to cease providing

Plaintiff assistance with the pending federal case without filing an appearance and signing documents he assisted in preparing. The Court warns Plaintiff and George E. Ward that if such actions continue, further sanctions may occur, including dismissal of this case with prejudice.

    Plaintiff's motion is **DENIED**.

    **IT IS ORDERED**.

                                               s/Victoria A. Roberts
                                               Victoria A. Roberts
                                               United States District Judge

Dated: December 21, 2007

---

The undersigned certifies that a copy of this document was served on the attorneys of record and David Kircher by electronic means or U.S. Mail on December 21, 2007.

s/Linda Vertriest
Deputy Clerk

---