**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**DAVID KIRCHER,**

              **Plaintiff(s),**          **CASE NUMBER: 07-13091
HONORABLE VICTORIA A. ROBERTS**

v.

**CHARTER TOWNSHIP OF YPSILANTI;
RUTH A. JAMNICK, Supervisor of Charter
Township of Ypsilanti; RONALD FULTON,
Building Inspector of Charter Township of
Ypsilanti; and BARNES & BARNES PROPERTIES,
a Michigan LLC, as Receiver,**

              **Defendant(s).**

_____/

**ORDER**

**I.    INTRODUCTION**

This matter is before the Court on Defendants' "Motion to Dismiss and/or Stay the Action Pursuant to Rules 12(b)(1), 12(b)(6) of the Federal Rules of Civil Procedure" (Doc. #8). The Court has jurisdiction under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). However, Defendants Ypsilanti Township, Ruth A. Jamnick, and Ronald Fulton's (collectively "Defendants") substantive argument is based on *Younger v. Harris*, 401 U.S. 37 (1970) and *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), which are judicially created jurisdictional bars.

Defendants also say that Plaintiff David Kircher's claim for an unconstitutional "taking" of private property is not ripe for review under *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985). Defendants seek

1

dismissal of that claim also.

For the following reasons, Defendants' motions are **GRANTED**.

## II. PROCEDURAL BACKGROUND

Plaintiff David Kircher ("Plaintiff") is the owner of Eastern Highlands, a 128 residential unit apartment complex in Ypsilanti, Michigan. The market value of Eastern Highlands is estimated to be in excess of 3.5 million dollars. Litigation over this property began when two Washtenaw County Sheriff deputies discovered raw sewage pumped from a sewage containment well onto a parking lot adjacent to one of the buildings at the Eastern Highlands. On October 14, 2004, Defendant Charter Township of Ypsilanti ("Charter Township") filed an emergency motion in Washtenaw County Circuit Court to declare the Eastern Highlands a public nuisance. It also sought a temporary restraining order ("TRO") to prevent Plaintiff from continuing to discharge raw sewage onto the property. The TRO issued.

The TRO provided Charter Township with access to the Eastern Highlands. Upon entry, it discovered there was also sewage backup discharge on the main floor of one of the buildings. It was later determined that the main sewer line was clogged and that Plaintiff pumped the pollutants back onto the property rather than properly remedying the problem. After Plaintiff received notice to cease pumping the raw sewage back onto the premises or into the Huron River, he shut the water off to all of the tenants. The trial judge issued an ex-parte Order requiring restoration of the water service and proper disposal of the waste.

On October 20, 2004, the judge deemed the property a public nuisance. After a

review hearing on October 29, 2004, additional violations of the property maintenance code, state and local fire codes, and ordinances were added to the Complaint.  The court held another review hearing on November 19, 2004, then issued an Order for Continuing Nuisance Abatement.  A third review hearing was held on December 3, 2004, and the court held Plaintiff in contempt for failing to comply with court orders.

At a fourth review hearing on December 17, 2004, the court found that the Plaintiff had not: (1) installed a required fire hydrant, (2) cooperated with Charter Township's Building Inspector's requirement to produce a video of the sewage line, (3) remedied the soil contamination, (4) fixed a collapsing wall, or (5) cured the other violations.  It entered another Order for Continuing Nuisance Abatement and appointed a Receiver.  Plaintiff hired counsel and filed objections to the Order.  An Amended Order for Continuing Abatement and for Appointment of a Receiver was subsequently entered.  The court denied Plaintiff's motion to reconsider the appointment of the Receiver and his motion for a more precise specification of the Receiver's duties on February 16, 2005.  On May 11, 2005, the Michigan Court of Appeals dismissed Plaintiff's appeal based on lack of jurisdiction.  The January 19, 2005 order was not final since it did not dispose of a claim or a party.  Plaintiff's Motion for Reconsideration was denied on August 4, 2005.

The state trial court judge reviewed the Receiver's activities on March 1, 2005.  He concluded the fire hydrant was installed and in operating condition.  The sewer line was also videotaped and cleared of debris.

On April 19, 2006, the court entered an Order allowing Receiver expenditures from May 2005 to December 31, 2005.  Plaintiff appealed.  The Michigan Court of

Appeals dismissed his appeal based on lack of jurisdiction, stating that the claims against him were still outstanding. His Motion for Reconsideration was denied, and the Michigan Supreme Court denied Plaintiff's leave to appeal.

On November 30, 2006, a sheriff conducted a judicial sale of Eastern Highlands. Absolute title to the property was vested in the Receiver. The court entered an Order confirming the judicial sale on April 20, 2007. Plaintiff's appeal is still pending with the Michigan Court of Appeals.

With litigation pending in the Michigan state court system, Plaintiff filed a Complaint in federal court on October 24, 2006, alleging a violation of the Fifth Amendment. On June 27, 2007, the Court issued an Amended Order dismissing Plaintiff's Complaint without prejudice. The Court stated that *Younger* abstention was applicable because Plaintiff could raise his constitutional challenges in the ongoing state proceeding. Citing *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 195 (1985), the Court also stated that Plaintiff's allegation of an unconstitutional "taking" without just compensation was not ripe for federal review because he was not denied compensation. The Court denied Plaintiff's Motion for Reconsideration.

On July 16, 2007, Plaintiff filed a Complaint in the Washtenaw County Circuit Court, alleging violations of the Fifth and Fourteenth Amendments of the United States Constitution. A similar Complaint was filed in this Court on July 23, 2007.

### III. APPLICABLE LAW AND ANALYSIS

*Younger v. Harris*, 401 U.S. 37 (1971) requires a district court to abstain from a matter in which a "state proceeding (1) is currently pending, (2) involves an important

state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995); *Nilsson v. Ruppert, Bronson & Chicarelli Co.*, 888 F.2d 452, 454 (6th Cir. 1989)). The Court previously ordered the dismissal of Plaintiff's Complaint without prejudice under *Younger* abstention.

Plaintiff does not dispute that this case meets the requirements of *Younger*. But, he requests that the Court stay -- rather than dismiss -- this action. He contends that the Court previously dismissed his Complaint because he did not have a pending state claim for inverse condemnation. He states this deficiency was cured when he filed an inverse condemnation claim in the Washtenaw County Circuit Court. Plaintiff misapprehends the Court's Amended Order.

Plaintiff relies on this Court's citation to *Rockstead v. City of Crystal Lake*, 486 F.3d 963 (7th Cir. 2007). The *Rockstead* court held that when a Government takes a plaintiff's property without a condemnation proceeding, he must file an inverse condemnation suit in state court. "[H]e must exhaust his state judicial remedies, if necessary by appealing an adverse decision." *Rockstead*, 486 F.3d at 965 (citing *Daniels v. Area Plan Comm'n*, 306 F.3d 445, 454-55 (7th Cir. 2002)). "He must proceed in that way because unless and until the state courts turn him down, his right to just compensation has not been infringed." *Rockstead*, 486 F.3d at 965 (citing *Gamble v. Eau Claire County*, 5 F.3d 285, 285-86 (7th Cir. 1993)).

By citing *Rockstead*, the Court did not intimate it would retain jurisdiction if Plaintiff filed an inverse condemnation claim in state court. Instead, *Rockstead* was

5

cited to support the Court's finding that Plaintiff's unconstitutional "taking" of private property claim was not ripe for federal review.

Plaintiff also cites *Kircher v. City of Ypsilanti*, 458 F.Supp.2d 439 (E.D. Mich. 2006) to support his argument that the Court should stay the action. Plaintiff argues that this case is in the same posture as *Kircher*, and the Court should adopt its reasoning. The Court declines to do so.

In *Kircher*, Plaintiff alleged that the City of Ypsilanti, certain City officials, an Ypsilanti landowner, and two Washtenaw County Circuit Court Judges violated his federal constitutional rights in three state-court lawsuits concerning Plaintiff's property in Ypsilanti. *Kircher*, 458 F.Supp.2d at 440. The public defendants sought dismissal of the claims based on *Younger* abstention. *Id.* at 441. The Court agreed that abstention was warranted. However, it found that the case should be stayed rather than dismissed. *Id.* at 450-51.

It is within a district court's discretion to dismiss a case without prejudice or stay the action pending the conclusion of the state court proceedings. In making this determination, a district court should:

> look to the nature of the state proceedings and consider whether a litigant will be able to address his federal claim on the merits in the state court proceeding. The court should also consider whether there are any statute of limitations issues should the case be dismissed and the limitations clock continue[sic] to run.

*Coles v. Granville*, 448 F.3d 853, 866 (6th Cir. 2006) (citing *Carroll*, 139 F.3d at 1075). Plaintiff filed a Complaint in the Washtenaw County Circuit Court that included his federal constitutional claim of an unconstitutional "taking" without just compensation. The Court presumes that the state court will safeguard his federal constitutional rights.

*See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). In addition, the Court finds that dismissal of Plaintiff's Complaint does not cause statute of limitations issues. His alleged injury has not occurred; he has not been denied compensation. And, "[a] statute of limitations does not begin to run until a cause of action has accrued. A dismissal bears no risk relative to the statute of limitations running during the state court proceedings." *Coles*, 448 F.3d at 866.

The Court also dismisses Plaintiff's Complaint because his unconstitutional "taking" of private property claim is not ripe for federal review. A "taking" claim is not ripe if the plaintiff has not sought just compensation by available state court procedures. *Williamson County Reg'l Planning Comm'n*, 473 U.S. at 194. "[Plaintiff] cannot claim a violation of the Just Compensation Clause until [he] has used the procedure and been denied just compensation." *Id.* at 195. Plaintiff recently took advantage of the state court procedure by filing his claim in the Washtenaw County Circuit Court. However, "[t]he State's action . . . is not 'complete' until the State fails to provide adequate compensation for the taking.'" *Id.* Until Plaintiff exhausts his state judicial remedies, including an appeal of an adverse decision, Plaintiff's unconstitutional "taking" of private property claim is premature. *See Rockstead*, 486 F.3d at 965.

## IV. CONCLUSION

Defendant's motions to dismiss are **GRANTED**. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS ORDERED**.

s/Victoria A. Roberts

Victoria A. Roberts
United States District Judge

Dated: December 21, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record and David Kircher by electronic means or U.S. Mail on December 21, 2007.

s/Linda Vertriest
Deputy Clerk